UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERLINDA M. DALISAY,

       Plaintiff,

       v.                                                                            Civil No.  07-1616-HA

CORBIN CONSULTING ENGINEERS,                              OPINION AND ORDER
INC.; INTEL CORPORATION; AEROTEK,
INC.; and GENE SCOTT,

       Defendants.

HAGGERTY, Chief Judge:

       Before the court are plaintiff's Motions for Appointment of Counsel [2, 16] and Motion for Extension of Time to Respond to the Defendant's Motion to Dismiss [15].  After considering the arguments before the court, plaintiff's motions for appointment of counsel are denied, and plaintiff's motion for extension of time is granted.

1  - OPINION AND ORDER

On October 26, 2007, Erlinda Dalisay, filed a pro se complaint asserting an array of legal claims against defendants based on her discharge from employment.[1] She also filed a motion requesting that the court appoint her counsel. Attached to her motion, was a list of fourteen lawyers or organizations that she had contacted in search of legal representation. None of those persons or organizations elected to take her case. Defendants Intel Corporation and Aerotek, Inc. both filed motions to dismiss on December 21, 2007. Plaintiff then renewed her motion for appointment of counsel, and also moved for an extension of time to respond to the motions to dismiss.[2]

"[I]t is well-established that there is no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (collecting cases). However, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307-08 (1989) (noting that the statute does not empower courts to compel counsel to represent a litigant). "In civil cases for damages, appointment of counsel should be allowed only in exceptional circumstances." *United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718

---

[1] The complaint includes, inter alia, headings asserting claims for wrongful discharge, breach of good faith and fair dealing, constructive discharge, employment discrimination in violation of Title VII, disability discrimination, and age discrimination.

[2] It is unclear whether plaintiff had received Aerotek's motion to dismiss when she filed her motion. However, pro se pleadings are to be construed liberally, and thus the court construes the motion for an extension of time as pertaining to both pending motions to dismiss. *See, e.g.*, *D-Beam, Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 (9th Cir. 2004) (noting the liberal standards applied to pro se litigants).

F.2d 952, 954 (9th Cir. 1983)).

Here, plaintiff has not asserted that she is indigent. Several entries on her list of counsel contacted suggest that she was unwilling or unable to pay legal fees during the time that she was unemployed. Those passing references to financial hardship are insufficient to show indigence, particularly when plaintiff paid the $350 filing fee, and avers that she is currently employed in Olympia, Washington. The court has also examined the substance of plaintiff's suit and finds that, regardless of plaintiff's financial status, this case does not present the sort of exceptional circumstances that would merit an appointment of counsel by the court. In light of this decision, and in order to allow plaintiff time to seek counsel again before responding to defendants' motions, an extension of time to file the responses is appropriate.

For the foregoing reasons, plaintiff's motions for appointment of counsel [2, 16] are DENIED, and plaintiff's motion for extension of time [15] is GRANTED. Responses to Intel and Aerotek's motions to dismiss [7, 11] are due by February 22, 2008.

IT IS SO ORDERED.

DATED this  10   day of January, 2008.

   /s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge

3  - OPINION AND ORDER