UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERLINDA M. DALISAY,

        Plaintiff,

    v.                                                              Civil No.  07-1616-HA

CORBIN CONSULTING ENGINEERS,                    OPINION AND ORDER
INC.; INTEL CORPORATION; AEROTEK,
INC.; and GENE SCOTT,

        Defendants.

_____

HAGGERTY, Chief Judge:

      Before the court are motions to dismiss filed by defendants Intel Corporation [7],

Aerotek, Inc. [11], and Corbin Consulting Engineers, Inc. [23].  After considering the arguments

before the court, defendants' motions are granted and this action is dismissed.

## I.    BACKGROUND

On October 26, 2007, Erlinda Dalisay, filed a pro se complaint asserting an array of legal claims against defendants Corbin, Intel and Aerotek.[1]  That complaint was never served.  On November 11, 2007, plaintiff filed an amended complaint adding "Gene Scott Cathedral, et al." as defendants.  Intel and Aerotek were served with the amended complaint on December 3, 2007 [19, 20].  Corbin was served with the amended complaint on January 10, 2008.[2]  Service could not be executed on Gene Scott because he is deceased [37].[3]  Each of the parties served with the amended complaint timely filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or in the alternative for a more definite statement.

The contents of the first complaint and amended complaint appears to be identical.  In both, plaintiff sets forth what appear to be at least eight causes of action, styled as three claims.  The complaint also includes a four page "Statement of Fact" and six pages of an e-mail exchange with Hillsboro police, which are attached and incorporated by reference.  Am. Compl. at 17-20 & Attach.  The allegations contained in the complaint are set forth below.

### A.    Wrongful Termination / Breach of Good Faith and Fair Dealing

Claim I of the complaint contains allegations that plaintiff was hired by Aerotek and/or

---

[1]  Plaintiff has sought court appointed counsel on a number of occasions [2, 16, 28], and repeats that request in her various filings opposing the motions to dismiss.  As explained in the court's January 10, 2007 Opinion and Order [17], this civil suit is not of the extraordinary variety that might merit appointment of counsel.

[2]  The summonses to each corporate defendant list not only the corporate defendant, but several individuals as well.  Those individuals are not named in the caption of the complaint, and are thus not parties to this suit.  Fed. R. Civ. P. 10(a).

[3]  The summons to Gene Scott also lists Melissa Scott, another non-party.  It appears that Gene Scott was a Los Angeles televangelist, whose wife Melissa has continued his ministry after his death.  *See* http://en.wikipedia.org/wiki/Eugene_Scott.

Corbin on a contract with Intel as a "Space Planner/Designer."  Amend. Compl. ¶ 1.  She alleges

that she was hired on a one year contract at a rate of $30.75 per hour to work as a "Space Planner

Designer."  *Id.* ¶¶ 1-2.  In June 2006, she traveled from Illinois to Oregon to take this job, and

claims to have begun working at Intel's Ronler Acres campus on July 5, 2006.  *Id.* ¶¶ 1, 3.  She

alleges that after signing an employment agreement, "Tyler Hill of Aerotek" told her that she

could be terminated at will.  *Id.* ¶ 3.  Plaintiff claims that she was terminated on October 6, 2006

at the behest of Jeff Van Heel, because she "did not like going to the meeting and they, in the

meeting, can hardly hear my voice."  *Id.* ¶¶ 1-2.

### B.    Constructive Discharge

Claim I also contains allegations that plaintiff was hired to do "architectural space

planning of tool install design," but was instead assigned to work on "structural drawings."  *Id.*

¶¶ 1-2.  She asserts that there was a conspiracy among other employees against her,  *Id.* ¶ 8, and

that she was called a "bitch" by various people.  *Id.* ¶¶ 9-10.  It is difficult to determine

specifically what plaintiff is asserting was said and done.  Plaintiff alleges to have complained

about this treatment to Tyler Hill.  *Id.* ¶¶ 12, 15.  She appears to have been complaining about

noise in the workplace and being mocked by co-workers.  *Id.* ¶¶ 15, 16, 18, 21.  She then claims

that she was told that she was fired by Corbin and Intel on October 6, 2006.  *Id.* ¶ 24.  However,

she also claims that she continued working at Intel and, on October 13, 2006, "told Jeremy

Woodgate that I leave since they already fired me," at which point she was asked to stay for

three more days by "John Caufield, a Corbin Manager."  *Id.* ¶ 25.

### C.    Employment Discrimination

In Claim II, plaintiff alleges discrimination based on her gender, age, race, national origin

and religion.  The basis for these claims is inscrutable.  She alleges having been called a "fagot"

by contract worker Rich Long.  *Id.* ¶ 31.  She alleges that some younger employees were given

3   - OPINION AND ORDER

more responsibility than she was. *Id.* ¶¶ 34-36. The rest of the allegations in this portion of the complaint appear to be plaintiff's non-specific perceptions or imaginations of discriminatory purpose motivating those around her. *Id.* ¶¶ 39-46.

The balance of the complaint (Claim III) appears to assert an array of further causes of action, some of which are only available against state actors. *Id.* ¶¶ 47-60. However, it is entirely unclear what plaintiff is asserting was done, by whom, and how her legal rights have been violated. The allegations include claims of collusion and conspiracy between Intel and the Hillsboro Police, stalking, and persecution related to the Gene Scott ministry. ¶¶ 48, 52, 54.

## II.    DISCUSSION

Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a complaint must be dismissed when it fails to state a claim upon which relief can be granted. The court must accept as true all allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations [to survive], a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations and internal quotation marks omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (citation omitted).

Here, not only does the complaint largely fail to allege sufficient facts to tie them to the legal claims, but it is also a "prolix, confusing complaint," which "impose[s] unfair burdens on" both defendants and the court. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Plaintiff

4    - OPINION AND ORDER

is pro se, but that status does not excuse her from complying with minimal requirements of pleading. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) ("Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.").

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, Claim I, which appears to charge one or more of the defendants with wrongful termination, breach of the covenant of good faith and fair dealing, and constructive discharge, is plead with sufficient clarity that, viewed in the light most favorable to plaintiff, it may present colorable claims after clarifying amendments. Accordingly, dismissal with leave to amend is appropriate with regard to Claim I. However, the balance of the claims appear to be futile and not subject to remediation through amendment. Accordingly, Claims II and III are dismissed with prejudice.

However, absent the federal questions in Claims II and III, which are dismissed with prejudice, the complaint does not, and cannot, state a claim that meets the requirements of federal diversity jurisdiction. *See* 28 U.S.C. § 1332. Accordingly, this case is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

III.    **CONCLUSION**

Plaintiff has filed two inscrutable complaints, and generated a third, equally murky complaint that she delivered to each of the defendants with her opposition to these motions. She has been unable to locate counsel to assist her in her suit. Mindful of the difficulties of pro se litigation, the court has granted extensions of time to allow plaintiff an opportunity to oppose the pending motions. It is apparent to the court that plaintiff has already gone a bridge too far, that further amendments will be as futile as those already undertaken, and that this court lacks subject matter jurisdiction.

For the foregoing reasons, defendants' motions to dismiss [7, 11, 23] are GRANTED. Claim I is DISMISSED WITHOUT PREJUDICE, and Claims II and III are DISMISSED WITH PREJUDICE. This case is DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED this __22___ day of April, 2008.

_____/s/ Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Judge